## Carter v. Harlan Hospital Ass'n, Inc., et al.

(Decided Oct. 6, 1936.)

J. B. JOHNSON and POPE & BAKER for appellant.

J. B. SNYDER and W. T. DAVIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

Matt Carter brought this action against the Harlan Hospital Association, Inc., and Dr. W. P. Cawood to recover damages for malpractice. The facts relied on are: In February, 1932, Nannie Carter, the wife of Matt Carter, went to the hospital for treatment. Dr. W. P. Cawood was the surgeon in charge. On February 17, 1932, he operated on Mrs. Carter for the purpose of removing a tumor from her abdomen. Mrs. Carter was taken back to her home and continued to suffer great pain. In August, 1934, thirty months after the operation, there was discharged from her bowels one-half of a surgeon's forceps. Mrs. Carter was immediately taken back to the hospital, where an X-ray examination revealed that the other half of the forceps was still in her abdomen. There was performed immediately a second operation "made necessary by the negligence of the defendants in the original operation complained of on February 17th, 1932." By reason of the acts of negligence of the defendants, plaintiff lost the society and services of his wife, to his damage in the sum of $5,000, and incurred medical bills for the sum of $500, for all of which he prayed judgment. In addition to a special demurrer, motion to elect, and general demurrer, the defendants filed an answer in three paragraphs. The first

paragraph was a general denial. The second paragraph pleaded in substance that Mrs. Carter herself placed the forceps in her rectum. The third paragraph pleaded the one-year statute of limitations. To the answer plaintiff filed a reply pleading in substance that it was utterly impossible for plaintiff's wife to have determined that the defendants had negligently left a pair of forceps in her abdomen, or to determine what was causing her pain and suffering at any time prior to the second operation, and that he himself did not know the cause of her trouble, but the defendants either knew, or by the exercise of ordinary care and skill should have known, the cause of her trouble, "but they fraudulently and wrongfully failed and neglected to advise her of said malpractice and wrongfully kept the same concealed from her until the second operation was performed," "and for that reason, owing to the facts and circumstances and the technical knowledge necessary to determine the wrongs in such a case as this, his cause of action did not arise at the time of the first operation nor at any other time until the second operation was performed, and at which time his cause of action first accrued to her and this suit was filed within less than one year thereafter, and he states that, by reason of these facts which he now pleads, these defendants and each of them are barred and estopped from setting up the one year Statute of Limitations in this case." To this paragraph of the reply a demurrer was sustained, and plaintiff having declined to plead further, his petition was dismissed. He appeals.

Section 2516, Kentucky Statutes, reads in part as follows:

"An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice, or servant, * * * an action against any physician or surgeon for negligence or malpractice * * * shall be commenced within one year next after the cause of action accrued, and not thereafter."

It will be observed that an action for injuries to one's wife must be commenced within one year next after the cause of action accrued, and not thereafter, and we have ruled that the cause of action accrues at the time of the injury resulting in the loss of services or consortium. Cravens v. Louisville & N. R. Co., 188

Ky. 579, 222 S. W. 930. But it is argued on behalf of appellant that his cause of action did not accrue until it became known by him and his wife, or could have been known by the exercise of ordinary care, that the forceps were left in the abdomen of his wife, and, as was alleged in the reply this fact was fraudulently concealed by the defendants until August, 1934, the cause of action did not accrue until then, and the action was therefore brought in time. A cause of action accrues when a party has the right and capacity to sue, and his right of action is not suspended until he ascertains that he has a cause of action. Commonwealth v. Sammons, 180 Ky. 403, 202 S. W. 885. The only exception that we have applied to this rule has been in the case of an underground trespass. Thus we held in Falls Branch Coal Company v. Proctor Coal Company, 203 Ky. 307, 262 S. W. 300, 37 A. L. R. 1172, that the five-year statute of limitations (Kentucky Statutes, sec. 2515) commences to run against the owner of land in favor of one taking coal under the surface only when the landowner discovers the trespass, and this on the theory of estoppel rather than under section 2519, Kentucky Statutes, relating to fraud. Even if the case were one where the running of the statute could be suspended by fraud, the facts pleaded would not be sufficient. Here the injury was the result of negligence in the original operation, and is predicated on that negligence. The intent being controlling, fraudulent concealment is necessarily based on knowledge, and not on what may be discovered by the exercise of ordinary care, and the allegation that the defendants knew, or by the exercise of ordinary care could have known, that the forceps were left in Mrs. Carter's abdomen, was not sufficient to show fraudulent concealment. Not only so, but with respect to limitation the time of the injury itself is the controlling fact, and not the means by which the injury is inflicted. According to the petition, Mrs. Carter was injured when the first operation was performed, and plaintiff was then deprived of her services and society, and the only thing that she or plaintiff did not know was the means by which the injury was inflicted. Clearly the fact that she or he was not informed as to the way or means until long after the injury was inflicted did not have the effect of suspending the one-year statute of limitations. Cravens v. Louisville & N. R. Co., supra. It follows that the

demurrer was properly sustained to the plea attempting to avoid the running of the statute.

Judgment affirmed.