George PHILPOT, Appellant,

v.

Charles B. STACY, Appellee.

Court of Appeals of Kentucky.

Sept. 27, 1963.

John J. Tribell, Pineville, for appellant.

Patterson & Berger, Robert B. Berger, Pineville, for appellee.

ROBERT O. LUKOWSKY, Special Commissioner.

This is an action to recover for alleged malpractice on the part of a physician. The action was commenced on February 19, 1960 in the Bell Circuit Court. The gist of the action is that the Appellant, George Philpot, received improper treatment for an injury in an automobile accident on April 5, 1958, from the Appellee, Dr. Charles B. Stacy. After the issues were joined, the Appellee took the Appellant's deposition and then moved for summary judgment on the ground that the action was barred by the statute of limitations. The Bell Circuit Court sustained this motion and entered summary judgment in favor of the Appellee, dismissing the Appellant's complaint. It is from this that he appeals.

On April 5, 1958, the Appellant was injured in an automobile accident and he was taken to the emergency room of the Pineville Community Hospital in Bell County. He had a puncture wound in the lower left abdomen and the Appellee undertook treatment. Appellant states that he advised Ap-

pellee that the wound had bled only slightly and that some of the cloth from his clothing was gone and might be imbedded in the wound. Appellee then sutured the wound and apparently removed no cloth therefrom and permitted Appellant to return to his home.

Approximately a month after the injury, Appellant began to experience severe pain in his side and he returned to the Pineville Community Hospital for treatment by a Dr. Golden. He remained in the hospital about two weeks as Dr. Golden's patient. At this time the wound showed some side infection which Dr. Golden treated with penicillin injections. After this the wound apparently healed. About a week after his discharge he returned to the hospital again, complaining of severe pain in the small of his back on the left side, and was given a thorough examination by Dr. Golden and Dr. Asher. During this second visit Dr. Stacy was called into consultation, and he suggested the possibility of a disc injury.

At this time the wound had turned black. Once again Appellant exhibited concern about cloth having been left in the wound at the time it was originally sutured and suggested that it was this foreign matter which caused the wound to turn black. During this stay in the hospital Appellant was later examined by Dr. Patterson, an orthopedist, who disagreed with the diagnosis of disc injury. Dr. Patterson knew that there was something wrong with Appellant, but felt that it was outside his specialty.

Shortly thereafter Appellant was examined by Dr. Page at Middlesboro, who told him that something was wrong, but he couldn't find it. Appellant returned home where he was seen by Dr. Evans, who told his family he was sick and suggested that he be sent to the Veterans Hospital in Louisville. The wound was still black at this time. Appellant went to the Veterans Hospital in Louisville, was examined, and told the doctor there that the wound had turned black about two weeks after the accident. This visit took place in July or August of 1958.

In November of 1958 a large mass formed on the Appellant's side. Dr. Golden referred him to Dr. Hall in Knoxville. Dr. Hall told him, after examination, " * * * there is a stick or something in the wound that is causing it. There has to be." Appellant explained to Dr. Hall about the cloth missing from his clothes and Dr. Hall told him that was probably what was causing the infection. Dr. Hall lanced the wound at the Baptist Hospital and after the operation informed the Appellant only that he found three big abscesses.

After this operation Appellant's condition improved until November 2, 1959, when he discovered a large sore mass on his stomach. Dr. Asher and Dr. Golden examined him and again referred him to Dr. Patterson. Dr. Patterson again felt that the difficulty was outside of his speciality, and referred him to Dr. Prince. Dr. Prince felt that a stick or some substance in the wound was causing the trouble and recommended an operation.

Appellant then contacted Dr. Bennett and Dr. Kleinert, who performed an operation on Appellant on January 4, 1960, in Louisville. They removed several pieces of cloth from the wound.

There is no question that Appellee neither examined nor treated Appellant after the summer of 1958. The record does not indicate, at any point, that Appellee attempted to discourage or limit the Appellant in obtaining medical attention and treatment elsewhere.

The only question to be considered by this Court is: Was the Appellant's action, filed more than one year after the alleged malpractice occurred, barred by the one year statute of limitations?

The Appellant urges reversal on three grounds: 1) The Appellee either fraudulently concealed or misrepresented the Appellant's condition to him, 2) The treatment of Appellant by Appellee was continuous,

and 3) the statute would not begin to run until the Appellant discovered the cloth in the wound in November of 1959.

■■■ We have minutely examined the record in an effort to find any evidence of probative value which would show, or tend to show, that the Appellee either fraudulently concealed or fraudulently misrepresented the Appellant's condition to him. This search met with no success whatever. The most the record discloses is that the Appellee may have made a mistake in his diagnosis and treatment of Appellant. When Appellant was asked the basis of his allegation of fraud he responded, "In fact I don't know hardly how to answer, except I believe he knew that he had made a mistake when he examined me the second time." This was the only reason for the allegation which Appellant could give. Fraud must be pleaded and clearly proved. Curry v. Stewart, 301 Ky. 645, 192 S.W.2d 739. CR 9.02. Neither requirement is met here.

It was Appellant who called Appellee's attention to the possibility that there might be cloth in the wound, at the time it was originally sutured. The possibility of foreign matter in the wound was known at all times to the Appellant. The Appellant, after April 5, 1958, never relied on Appellee for treatment or advice. After the original treatment by Appellee, Appellant went from physician to surgeon and back again on numerous occasions seeking treatment and advice in regard to his difficulties. The record clearly shows that the last time Appellant saw Appellee in a professional capacity was in about June of 1958. Certainly this falls short of fraudulent representation or concealment and reliance thereon. 34 Am.Jur., Limitation of Actions, sections 233, 234.

In November of 1958 the Appellant received advice to the effect that " * * * there is a stick or something in the wound that is causing * * *" the difficulty. This was well within the one year statute.

Even if we were to assume for the purpose of argument that the statute did not begin to run until Appellant had this notice he still did not file his suit within one year of that date.

■■■ We believe that the disposition of this case is controlled by Carter v. Harlan Hospital Association, 265 Ky. 452, 97 S.W.2d 9, wherein the Court held that a cause of action accrues when a party has the right and capacity to sue and his right of action is not suspended until he ascertains that he has a cause of action. Here the alleged injury could only have been the result of negligence in the original operation. There is no evidence showing that Appellee had any knowledge not also possessed by the Appellant of any cloth in the wound. The innuendo that if the Appellee had used ordinary care he could have learned of the cloth in the wound is not sufficient to show fraudulent concealment. With respect to the Statute of Limitations, the time of the injury itself is the controlling fact, and not the means by which the injury is inflicted. Appellant could only have been injured when the operation was performed. The only thing he could not have known was the means of his injury, although we are convinced that he knew this at the time, and certainly within six months of the infliction of the injury, so that from either date, more than one year passed before this action was commenced.

We do not believe that Adams v. Ison, Ky., 249 S.W.2d 791, controls the disposition of this case because that case was decided on the basis that the doctor made an actual affirmative misrepresentation to his patient upon which representation the patient relied. There is no such evidence here. Appellee concealed no facts from Appellant affecting liability which delayed or prevented Appellant from bringing suit.

For the reasons herein given, we believe that the record discloses no dispute as to any material fact, that the Appellee was entitled to Judgment as a matter of law and

that the Summary Judgment entered by the learned Trial Judge in favor of the Appellee, should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.