Appeal dismissed.

**Ed TURNER, Appellant,**

v.

**Dr. Richard RUST, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

Thomas W. Hardesty, Newport, for appellant.

John J. O'Hara, O'Hara & Ruberg, Covington, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Campbell Circuit Court which dismissed a complaint filed by appellant, Ed Turner, in which he sought to recover damages from appellee, Dr. Richard Rust, as the result of his alleged failure to place properly appellant's left hip in socket. The original complaint was amended three times and was thereafter dismissed on the ground that the action was one for malpractice and was barred by the statute of limitations.

Turner was injured in an automobile collision on April 20, 1960. Dr. Rust operated on him on May 2, 1960. In a deposition filed he gave this description as to

what occurred on the last day of the doctor-patient relationship:

"Q. What took place on these visits to the doctor? A. Well, I was on crutches and the last time I went to see him in December, 1960, and he advised me to get rid of them.

"Q. Is that the last time you saw Dr. Rust, in December, 1960, as a patient? A. I don't know whether there is another date or not.

"Q. But as best you can recall it was in that area? A. Yes."

In June 1961, x-rays were taken of appellant's injured hip at the Speer's Hospital in Dayton, Kentucky. Dr. Rust did not examine him and apparently knew nothing about the x-rays. In the same month, Dr. Rust testified in a suit which grew out of the accident in which Turner was injured and again gave his opinion that Turner had recovered from his injury, although he made no examination of him after December 1960. Sometime after the x-ray was taken, appellant Turner entered the Veterans' Administration Hospital in Cincinnati, Ohio, and on August 28, 1961, the staff doctors advised him that his hip was out of socket. Turner's original complaint was filed on the 11th day of June 1962.

KRS 413.140 provides that an action against a physician or surgeon for negligence or malpractice shall be commenced within one year after the cause of action has accrued. In Carter v. Harlan Hospital Association, Inc., 265 Ky. 452, 97 S.W.2d 9, it was said that, with few exceptions, a cause of action accrues when a party has the right and capacity to sue and his right of action is not suspended until after he ascertains that he has a cause of action. In this case, which also involved an action for malpractice, it was said:

"Not only so, but with respect to limitation the time of the injury itself

is the controlling fact, and not the means by which the injury is inflicted. According to the petition, Mrs. Carter was injured when the first operation was performed, and plaintiff was then deprived of her services and society, and the only thing that she or plaintiff did not know was the means by which the injury was inflicted. Clearly the fact that she or he was not informed as to the way or means until long after the injury was inflicted did not have the effect of suspending the one-year statute of limitations."

In Adams v. Ison, Ky., 249 S.W.2d 791, where many statements were made not necessary to the decision, the facts were as follows: Through the alleged negligence of a physician, a rubber tube was inserted and left in the lung after an operation, and in the petition for malpractice it was alleged that about ten days after the operation the patient discovered the negligent act and asked the surgeon to perform an operation to remove the tube; the patient told the doctor that unless he did so, he would sue him for damages. The doctor informed him that the rubber would be absorbed by the body and no ill effects would result. Almost twenty years later the patient suffered a lung hemorrhage and his right lung was removed. It was stated in the opinion, among other things, that concealment could not be assumed; there must be an affirmative action. The case was decided on the point that the doctor's assurance under threat of a suit for damages was such an affirmative action, and it was held that the petition stated a cause of action.

In Philpot v. Stacy, Ky., 371 S.W.2d 11, a malpractice action for failure to discover and remove bits of the patient's clothing embedded in an abdominal puncture before suturing the wound—which action was not commenced within one year after the last treatment by defendant—was barred by limitation although the action was commenced shortly after another operation disclosed pieces of cloth in the old wound. The facts in that case are very similar to the one under consideration. In that case, as here, the patient sought other medical advice and he, too, entered a veterans' hospital. The doctor did not attempt to restrain him from receiving further medical advice nor did he say or do anything which might be interpreted as misrepresenting the facts so as to avoid a suit. It was there said:

"The most the record discloses is that the Appellee may have made a mistake in his diagnosis and treatment of Appellant. When Appellant was asked the basis of his allegation of fraud he responded, 'In fact I don't know hardly how to answer, except I believe he knew that he had made a mistake when he examined me the second time.' This was the only reason for the allegation which Appellant could give. Fraud must be pleaded and clearly proved. Curry v. Stewart, 301 Ky. 645, 192 S.W.2d 739. CR 9.02. Neither requirement is met here."

At most, the allegations of the complaint as amended, when considered with the deposition, disclose that Dr. Rust may have been mistaken in his diagnosis and treatment. The record fails to disclose any affirmative act by which he attempted to restrain appellant from filing suit at a time within the year's limit. Furthermore, averments of fraud were not stated with particularity in the complaint. CR 9.02.

Judgment affirmed.