ASHLAND FINANCE COMPANY,
Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY
COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1971.

W. Henderson Dysard, Ashland, for appellant.

J. W. McKenzie, Ashland, for appellee.

CULLEN, Commissioner.

Ashland Finance Company procured from Hartford Accident and Indemnity Company a "blanket bond" covering losses from dishonest or fraudulent acts of employes or from robbery, burglary or larceny by strangers. On December 23, 1965, Ashland discovered the loss of a note for some $5,-200, it not being clear whether the loss was

due to a dishonest act of an employe or to a burglary by a stranger. After a period of negotiations Hartford denied liability. Ashland brought suit on February 3, 1967. Judgment was entered dismissing the suit on the ground that it was barred by a limitation provision of the bond which required that suit be brought within one year after *discovery of the loss*. Ashland appeals from the judgment.

The development of the suit was somewhat extraordinary. Initially, both parties were under the impression that the bond contained a *two*-year limitation, and the original answer filed by Hartford, in undertaking to quote certain provisions of the bond, quoted a section which contained a *two*-year limitation clause (apparently this was from some other bond). Hartford did not plead limitations as to time of bringing suit because the suit was timely if the limit was two years. During the development of the suit the parties made a partial stipulation of facts, which included a stipulation that an attached copy of a bond was a true copy of the bond sued on. That copy showed that the limitation period was *one* year, but it appears that neither party had yet become aware that such was the limitation. The case was submitted to the trial court without any suggestion of an issue as to limitations. About two weeks later, Hartford tendered an amended answer in which the one-year limitation clause was pleaded as a bar to the action. Motion was made to file the answer "to conform to the proof." Notice of motion was served on Ashland but the court sustained the motion *on the same day it was made*, without giving Ashland any opportunity to be heard. About one month later the court entered findings of fact and conclusions of law in which the court found that the suit was barred by the one-year limitation clause. Ashland then moved for a new trial and to alter and amend the findings and conclusions, and asked that it be allowed to submit evidence on the issue of limitations. The court denied that motion and entered judgment dismissing the suit.

Ashland's primary contention is that the limitation period for suit on the bond should be considered to run from the expiration of a no-suit period specified in the bond, rather than from the date of discovery of the loss. A companion contention is that if the limitation period is not considered so to commence running, the limitation clause is void as specifying an unreasonably short period.

Under the provisions of the bond a period of three months is allowed, after discovery of loss, in which to file proof of loss, and the bringing of suit is barred prior to the expiration of three months from the furnishing of such proof. This means that there is a minimum of three months, and a possible maximum of six months (depending on how soon proof of loss is filed), in the period of one year after discovery of the loss allowed by the bond for bringing suit, in which suit cannot be brought, so that the effective period of limitation is from six months to nine months. Ashland points out that it was allowed until March 23, 1966, to file proof of loss (three months after discovery of loss); and that it then could not bring suit until June 23 (three months after proof of loss was due); it argues, therefore, that its suit brought within eight months after June 23 should be considered to be timely.

Some early Kentucky cases held that where an insurance policy purported to fix a limitation period running from the date of occurrence of the *loss*, but specified a period after occurrence of the loss during which action could not be brought on the policy, the limitation period would be construed to commence running from the time action first could be brought, rather than from the time of occurrence of the loss. Owen v. Howard Insurance Company, 9 Ky.Law Rep. 147; Dixon v. German Insurance Company, 11 Ky.Law Rep. 1001. Courts of some other jurisdictions have held to the same effect, but there is a clear split of authority on the question. See 44 Am. Jr.2d, Insurance, sec. 1911, p. 849.

■ We are inclined to think that our early cases, and the cases from some other jurisdictions taking the same view, simply have imposed the court's concept of what was *fair*, under the guise of *construing* the insurance contract. We cannot justify that. The provision of the bond here in question is clear and unambiguous; it says that suit must be brought within one year after discovery of the loss. We can find no valid basis for pronouncing that it does not mean what it plainly says. And even if fairness were the test we see nothing unfair in including some no-suit time in the overall period allowed for bringing suit. The only question, we think, is whether the ultimate limitation period is unreasonably short. To the extent that Owen v. Howard Insurance Company, 9 Ky.Law Rep. 147, and Dixon v. German Insurance Company, 11 Ky.Law Rep. 1001, express a contrary view, they are overruled.

■ This court has recognized the validity of *one-year* limitation provisions in insurance policies. Smith v. Herd, 110 Ky. 56, 60 S.W. 841; Johnson v. Calvert Fire Ins. Co., 298 Ky. 669, 183 S.W.2d 941. Many courts have upheld *six-month* limitations in such policies. Annotation, 6 A.L.R. 2rd 1197 @ 1212. Under the bond here in question Ashland, by promptly filing proof of loss, could have secured a nine-month limitation period following expiration of the no-suit time, so Ashland was not bound to a six-month limitation period. In view of the foregoing, and considering the fact that this was a *commercial* bond utilized in the business field, rather than a personal or individual insurance policy, it is our opinion that the limitation period specified in the bond was not unreasonably short. Thus, absent a failure of Hartford effectively to assert the limitation, or an estoppel to assert it, Ashland's action was barred.

■ Ashland maintains that the trial court erred in permitting the filing by Hartford of the amended answer pleading limita-

tions, after the case had been submitted. We agree that the amendment was not properly one to conform to the proof under CR 15.02, because no proof specifically directed to the issue of limitations had been introduced. Cf. Wirtz v. F. M. Sloan, Inc., D.C., 285 F.Supp. 669. However, under CR 15.01 the trial court has a broad discretion to allow amendments, and the rule directs that leave to amend shall be "freely given when justice so requires." See Clay, CR 15.01, Comment No. 3. In the instant case it appears that the failure of Hartford to plead limitations in its original answer was due simply to a mistake as to what were the terms of the bond; justice would not be served by depriving Hartford of the defense of limitations simply because of such a mistake; and the amendment could be allowed without prejudicing Ashland in the preparation of its case. We think, therefore, that the trial court did not err in allowing the amendment to be filed.

■ It is our opinion, however, that the trial court did err in refusing to allow Ashland to submit evidence on the issue of limitations raised by the amended answer. Ashland was entitled to the opportunity to offer proof directed to the question of estoppel of Hartford to plead limitations, by reason of false representations or fraudulent concealment. See Cuppy v. General Acc. Fire & Life Assur. Corp., Ky., 378 S.W.2d 629; Cambron v. Co-operative Distributing Company, Ky., 405 S.W.2d 687; Island Creek Coal Company v. Lewis, Ky., 474 S.W.2d 361 (decided December 17, 1971). Of course such proof will have to show something more than the mere fact that the parties continued to communicate with each other, in regard to possible settlement of the claim, during the period limitations were running.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.