914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TELL CITY CHAIR COMPANY, Plaintiff-Appellant,
v.
H & M CONSTRUCTION COMPANY, INC, and Owens Engineering
Company, Defendant-Appellees.
Klapp Roofing Company, Inc.; Abram Roofing Company; and
Carlock's Roofing Service, Defendants.
 No. 89-6546.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Tell City Chair Company appeals summary judgment for defendants-appellees, H & M Construction and Owens Engineering Co., in this diversity action for breach of warranty and contract and for negligence. For the following reasons, we reverse.
 
 I.
 
 2
 In 1974, Tell City contracted with H & M for the construction of a storage and warehouse building. Owens provided the engineering work. The roof was installed by Klapp Roofing Co., Inc., a subcontractor in 1975. In March 1979, the roof of the building was damaged by heavy wind and rain. The roof was also damaged in December 1982 during severe weather. Repair work at that time was performed by Abram Roofing Company. In March and July 1986, heavy winds and bad weather again caused significant damage to the roof, and rain water leaked inside the building.
 
 
 3
 On March 9, 1987, Tell City filed a complaint in the Circuit Court of Grayson County, Kentucky against Owens, H & M, and several other defendants who have been subsequently dismissed, alleging that its damages were caused by negligence and breaches of contract and warranty. Tell City claimed damages in the amount of $331,071.50. The action was removed to the United States District Court for the Western District of Kentucky, Judge Charles Simpson presiding. The district court granted summary judgment to H & M and Owens on the ground that the Kentucky Statute of Repose, Ky.Rev.Stat.Ann. Sec. 413.135(1) (Baldwin 1989), bars Tell City's claims after seven years from "substantial completion" of the improvement. Since the building was constructed in 1975, the Statute bars legal actions after 1982, including the instant one. The court rejected Tell City's arguments that the Statute of Repose was not valid under the Kentucky Constitution.
 
 II.
 
 4
 We review de novo the decision of the district court to grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Fed.R.Civ.P. 56 provides that a court may enter summary judgment on a claim if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The moving party is 'entitled to a judgment as a matter of law' [where] the nonmoving party has failed to make a sufficient showing on an essential element of her case." 477 U.S. at 322-23 (citation omitted).
 
 
 5
 Enacted in 1966, the Statute of Repose provided that:
 
 
 6
 No action to recover damages, whether based upon contract or sounding in tort, resulting from or arising out of any deficiency in the design, planning, supervision, inspection or construction of any improvement to real property ... shall be brought against any person performing or furnishing the design, planning, supervision, inspection or construction of any such improvement after the expiration of five years following the substantial completion of such improvement.
 
 
 7
 The statute was designed to protect architects and builders from lawsuits arising from their work which was performed long before any injury occurred. In Saylor v. Hall, 497 S.W.2d 218 (Ky.1973), the Kentucky Supreme Court ruled that the Statute of Repose violated Sections 14, 54, and 241 of the Kentucky Constitution, which guarantee that courts shall be open for injury claims and that the Kentucky General Assembly shall not have the power to limit the amount to be recovered for injuries to person or property. For a time thereafter, the Statute of Repose was considered unconstitutional. Then in Carney v. Moody, 646 S.W.2d 40 (Ky.1982), the Kentucky Supreme Court reconsidered its ruling in Saylor and held that the Statute of Repose did not violate Sections 14, 54 and 241 of the Kentucky Constitution.
 
 
 8
 Subsequent to Carney, the Statute of Repose was again used to bar suits. However, in Tabler v. Wallace, 704 S.W.2d 179 (Ky.1985), cert. denied, 479 U.S. 822 (1986), the Court again found that the Statute was unconstitutional, this time under Section 59(5) of the Kentucky Constitution, which provides that:
 
 
 9
 The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely:
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 Fifth: To regulate the limitation of civil or criminal causes.
 
 
 13
 In determining the constitutionality of a statute under Section 59(5), "[t]he fundamental question is whether the General Assembly had a reasonable basis for this legislation sufficient to justify creating a separate classification for certain persons engaged in the construction of improvements to real property, granting these persons a special immunity." Tabler, 704 S.W.2d at 185. In Tabler, the Court ruled that the Statute violates Section 59 because there was no substantial reason for granting repose to providers of construction services, but not to suppliers of goods. Since "[t]he express purpose of Section 59(5) of the Constitution is to prevent those who have sufficient political power or who can afford a persuasive lobbyist from achieving immunity from accountability to the law that governs others," the Tabler court decided that there was no reasonable basis to distinguish between providers of goods and services. Id. at 186. The court also noted that the litigants cannot supply any conceivable reason for discrimination unless it appears in the record: "there must be a substantial and justifiable reason apparent from legislative history, from the statute's title, preamble or subject matter, or from some other authoritative source." Id. The Court concluded:
 
 
 14
 The general public is exposed to injury, death and property damage from the collapse of a building. As in the recent catastrophe involving the collapse of the overhead walkway in the Hyatt Regency Hotel in Kansas City, many people from all walks of life may be injured in one catastrophe caused by faulty construction. The protection of the general public is sacrificed to the interest of a special group. This is the essence of the constitutional evil addressed by Section 59, the prohibition against local and special legislation.
 
 
 15
 Id. at 187.
 
 
 16
 Shortly after the Tabler decision, the Kentucky General Assembly revised the Statute of Repose to meet the Court's concerns by barring actions:
 
 
 17
 ... resulting from or arising out of any deficiency in the construction components, design, planning, supervision, inspection or construction of any improvement to real property ... brought against any person after the expiration of seven (7) years following the substantial completion of such improvement.
 
 
 18
 K.R.S. Sec. 413.135(1) (emphasis added).
 
 
 19
 The district court in the instant case held that since the present Statute no longer has the distinction between goods and services, the basis of the Tabler decision, the Statute does not violate the constitutional prohibition against special legislation. J.App. at 31. On appeal, Tell City argues that the present Statute does not cure the defects stated in Tabler. It maintains that the analysis of Tabler remains fatal to the current Statute of Repose because the basis of the Statute is still "that a special class, builders, architects, and engineers involved in construction ... lobbied for a statute limiting their liability." Tabler, 704 S.W.2d at 187.
 
 
 20
 The role of this court is to "make a considered educated guess' as to how Kentucky courts would view the statute." In re Beverly Hills Fire Litigation, 695 F.2d 207, 224 (6th Cir.1982), cert. denied, 461 U.S. 629 (1983) (citation omitted). In order to determine whether there is a "substantial and justifiable" reason for the discrimination, we must examine some authoritative record of legislative intent. The only such record before us is the preamble to the revised Statute, which provides:
 
 
 21
 WHEREAS, without protection by a Statute of Limitations there will be a chilling effect on the contributions of builders, architects, engineers, suppliers, manufacturers and materialmen to the state's economy...."
 
 
 22
 1986 Ky.Acts Ch. 479.
 
 
 23
 For guidance on this question, it is instructive to examine the Kentucky Supreme Court's decision in In re Beverly Hills Fire Litigation, 672 S.W.2d 922 (Ky.1984). The Court considered the question of whether the old Statute of Repose covered product manufacturers and suppliers. The Court's construction of the Statute did not cover these materialmen because the Court reasoned that any such inclusion would violate Section 59(5) of the Kentucky Constitution. Specifically, the court held:
 
 
 24
 Certainly a law that protects product manufacturers if or when their product is used in the design or construction of a permanent improvement to real estate, but not otherwise, would discriminate in favor of such a manufacturer in an arbitrary manner and create a classification that has no reasonable justification. No one has yet suggested any reason why a special classification should be created for products because they are used in construction of a building, as opposed to a motor vehicle or some other structure that is personalty. ... In short, KRS 413.135, if interpreted to include in its protection the manufacturer of a product simply because it was used as a component part in construction of a building, would discriminate in favor of such person arbitrarily and beyond reasonable justification in violation of Sec. 59 of the Kentucky Constitution.
 
 
 25
 Id. at 926. Given this analysis, we conclude that the Preamble's concern with a chilling effect on the state's economy is not sufficient to provide a substantial and justifiable reason for discrimination. While the goods/services distinction of Tabler no longer exists, the Statute now discriminates in favor of suppliers and manufacturers of goods to construction vis-a-vis those who provide goods for other fields. Having decided that the Statute of Repose violates section 59(5) of the Kentucky Constitution, we do not reach the issues of the constitutionality under section 14 and 54 and the retroactivity of the statute.
 
 III.
 
 26
 H & M and Owens argue, as an alternative ground for affirming the district court, that the Kentucky statute of limitations bars the suit because the cause of action accrued in 1975, when the building was completed. They first contend that no "discovery" rule (under which the statute of limitations is triggered upon discovery of the alleged defect or negligence) exists in Kentucky, and as such, any tort or contract action has been time-barred since suit was not filed until 1987. They rely upon Philpot v. Stacy, 371 S.W.2d 11 (Ky.1963), overruled by, Tomlinson v. Siehl, 459 S.W.2d 166 (Ky.1970), a medical malpractice case which was decided before the discovery rule was established in Kentucky. However, the discovery rule now applies to injuries sustained as a result of alleged negligence in construction. See Saylor, 497 S.W.2d at 225 ("A cause of action does not exist until the conduct causes injury that produces loss or damage."). The defendants also argue that the statute of limitations was triggered by the damage to the building in 1979, not in 1986. We believe that the present record is not adequate to make any judgment on this factual issue. Therefore, we believe that the statute of limitations does not offer an alternative ground for affirmance.
 
 
 27
 For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.
 
 
 28
 TODD, District Judge, concurring separately.
 
 
 29
 I write separately to express my view that the issue of the constitutionality of Ky.Rev.Stat.Ann. Sec. 413.135(1) should be certified to the Kentucky Supreme Court pursuant to Kentucky Rules of Civil Procedure 76.37. Although it is possible to predict with some confidence the action of the Kentucky Supreme Court on this issue, in light of the opinion in In re Beverly Hills Fire Litigation, 672 S.W.2d 922 (Ky.1984), we should nevertheless give the state court the opportunity to decide the issue.
 
 
 30
 In the absence of such a certification, however, I concur with the prediction that the Kentucky Supreme Court would hold that Ky.Rev.Stat.Ann. Sec. 413.135(1) violates the Kentucky Constitution.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge of the Western District of Tennessee, sitting by designation