NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0327n.06

**No. 15-5442**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 09, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DARRELL L. MYERS and LUCAS MYERS, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| AGRILOGIC INSURANCE SERVICES, LLC, | ) | COURT FOR THE EASTERN |
| and OCCIDENTAL FIRE & CASUALTY | ) | DISTRICT OF KENTUCKY |
| INSURANCE CO. OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

---

**BEFORE: BOGGS, WHITE, and DONALD, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Darrell and Lucas Myers, Kentucky farmers, brought this action against AgriLogic Insurance Services, their crop insurer,[1] alleging breach of contract and a violation of Kentucky's Unfair Claims Settlement Practices Act (UCSPA) after AgriLogic denied corn-crop damage claims. Defendants removed the case to federal district court and moved to dismiss for failure to state a claim. The district court construed the motion as one for summary judgment and granted it, concluding that the contract claim was untimely under the twelve-months-from-occurrence limitations provision in the insurance contract, and that the Myerses presented insufficient evidence of malfeasance to satisfy the threshold inquiry for a USPCA claim

---

[1] AgriLogic is the crop-insurance division of Defendant Occidental Fire & Casualty Insurance Co. of North Carolina, and provides certain administrative services in conjunction with crop insurance policies underwritten by Occidental. PID 37/Affidavit of Travis Laine, AgriLogic's Product Implementation Manager.

under (UCSPA). After hearing argument in January 2016, we held this matter in abeyance pending final disposition of several cases in the Kentucky state courts.[2] We affirm the dismissal of the breach-of-contract claim and reverse on the UCSPA claim.

## I.

Paragraph 16 of the parties' insurance contract sets forth the twelve-month limitations provision at issue:

> You cannot bring suit or action against us unless you have complied with all of the policy provisions. If you do enter suit against us you must do so within 12 months of the occurrence causing loss or damage . . . .

PID 50 (Ins. Contract, General Provisions ¶ 16). Paragraph 17 provides:

> 17. Conformity to Statutes
> If any terms of this policy are in conflict with statutes of the state in which this policy is issued, the policy will conform to such statutes.

PID 50.

Kentucky Revised Statute Annotated § 304.14-370 permits foreign insurers such as Defendants to limit the time in which an action may be brought against them as long as it is not less than one year from when a cause of action accrues:

> No conditions, stipulations, or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

---

[2] We held this matter in abeyance pending the Kentucky Supreme Court's disposition of State Farm's petition for discretionary review in *Hensley v. State Farm Mutual Automobile Insurance Company*, 2014-SC-551, which it had held in abeyance pending final disposition of *State Farm Mutual Automobile Insurance v. Riggs*, 2013-SC-555. After the Kentucky Supreme Court decided *Riggs* on March 17, 2016, 484 S.W.3d 724 (Ky. 2016), it remanded *Hensley* to the Court of Appeals for reconsideration in light of *Riggs*. *Hensley* was decided on March 3, 2017. 2013-CA-6-MR, 2017 WL 837698 (not to be published).

No. 15-5442, *Myers v. AgriLogic Insurance Services et al.*

§ 304.14-370.

## A.

The Myerses' claims are not clearly delineated. With overlapping arguments, they challenge both the construction and the enforceability of the limitations provision. Relying on our statement in *Smith v. Allstate Insurance Co.*, 403 F.3d 401, 405 (6th Cir. 2005), that an otherwise valid limitations provision requiring suit within one year of loss "may nonetheless be unenforceable if it did not allow the [policyholder] reasonable time to sue," the Myerses first contend that repeated errors of AgriLogic's independent adjuster precluded their filing a timely action. Relatedly, the Myerses argue that under the circumstances, they had no reason to believe that their claim would be denied until the actual denial, that the limitations period should be tolled, and that their cause of action did not accrue until the claim was denied on May 9, 2013, as only then were they aggrieved. The district court agreed with Defendants that the twelve-month limitations provision is valid and enforceable:

> [T]he Court considers the impact of the application of the one-year limitations period in light of the undisputed facts–that (1) the subject claim arises from wind damage to Plaintiffs' corn crops on July 25, 2012, (2) the claim was denied on May 9, 2013, and (3) they filed suit on May 7, 2014. This matter was filed out of time if the Court calculates the limitations period from the date of the wind damage, which is the only loss averred in this action. As the contract's own terms bar the suit . . . , the Court will dismiss Plaintiffs' claim for breach of contract and enter judgment in favor of Defendants.

PID 133.

The district court also rejected the Myerses' argument that they did not have a reasonable time within which to retain counsel and file suit between May 9, 2013, when

-3-

AgriLogic denied their claims, and July 25, 2013, twelve months after their corn crops were damaged:

> Plaintiffs argue that the one month [sic 2 ½ month] period which remained after the denial of their claim in which to bring suit hardly provided them with a reasonable time in which to hire counsel, investigate, and file suit, relying on *Dunn v. Gordon Food Servs.*, 780 F. Supp. 2d 570, 573 (E.D. Ky. 2013). They suggest that the contractual limitations period should have been tolled during Defendants' investigation, but they provide no legal authority to support this conclusion. Absent some reason to suppose that Kentucky courts would embrace such a rule, the Court rejects this argument.

PID 132-33.

**B.**

We review de novo the district court's grant of summary judgment, assessing the evidence, facts, and inferences therefrom in the light most favorable to the nonmoving party. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). In this diversity action, we apply federal procedural law, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965), and the substantive law of the forum state, Kentucky, *see, e.g., Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995).

Under Kentucky law, the elements of a breach-of-contract claim are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss caused by the breach. *Metro Louisville/Jefferson City Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009). Kentucky courts have upheld as valid and enforceable shortened insurance-contract limitations provisions that run from the date of occurrence/damage like the one at issue here. In *Edmondson v. Pennsylvania National Mutual Casualty Insurance Co.*, 781 S.W.2d 753, 756 (Ky. 1989), which involved a commercial fire-insurance policy with a one-year-from-occurrence limitations provision, the Kentucky Supreme Court

observed, "We have previously recognized the validity of insurance contract provisions requiring as a condition to sue that the action must be 'commenced within the time specified by the policy-contract,'" quoting *Stansbury v. Smith*, 424 S.W.2d 571, 572 (Ky. Ct. App. 1968). And in *Ashland Finance Co. v. Hartford Accident & Indemnity Co.*, 474 S.W.2d 364 (Ky. 1971), in which the plaintiff insured procured from the defendant insurer a blanket bond covering losses from dishonest or fraudulent acts of employees or from robbery, burglary, or larceny by strangers, the Kentucky Supreme Court noted,

> The provision of the bond here in question is clear and unambiguous; it says that suit must be brought within one year after discovery of the loss. We can find no valid basis for pronouncing that it does not mean what it plainly says. And even if fairness were the test we see nothing unfair in including some no-suit time in the overall period allowed for bringing suit.

*Id*. at 366.

Years later, this court applied *Edmondson* and *Ashland Finance* in *Smith v. Allstate*, *supra* p.3, to the insureds' action under their homeowner and landlord policies for breach of contract and bad-faith denial of their fire claim. This court held that a limitations provision requiring claimants to file suit within one year after the inception of loss or damage was not inconsistent with § 304.14-370:

> Allstate, as might be expected, contends that the Smiths' cause of action accrued on the date of the fire. But there is a long line of Kentucky cases holding in a variety of contexts that a cause of action does not accrue until the plaintiff has the right to institute and maintain a suit. *See Philpot v. Stacy*, 371 S.W.2d 11, 13 (Ky. 1963); *Forwood v. City of Louisville*, 283 Ky. 208, 140 S.W.2d 1048, 1051 (1940); *Carter v. Harlan Hospital Association*, 265 Ky. 452, 97 S.W.2d 9, 10 (1936). And under the insurance contracts at issue here, the Smiths had no right to sue Allstate prior to "full compliance with all policy terms." We understand this to mean that the Smiths could not sue until they had taken each of the steps required of them under the policies—furnishing proof-of-loss statements, *e.g.*, and submitting to examination under oath. If cases such as *Philpot*, *Forwood*, and *Carter* are controlling in the insurance context, therefore, the Smiths' cause of action could not have accrued on the date of the fire.

> We are not persuaded that the *Philpot* line of cases is controlling here. None of those cases involved Ky. Rev. St. § 304.14–370, and Kentucky courts have repeatedly enforced insurance contract provisions under which the time for suit began to run before the insured had a right to sue.
>
> . . . .
>
> We see nothing unreasonable about an effective limitations period of six months . . . . Mr. and Mrs. Smith advance two reasons why, in their submission, the limitations provision would not bar their claim even if the provision was legally valid. First, the Smiths argue that a limitations period in an insurance contract should be tolled from the time the insurer receives notice of a loss until the time it refuses to pay. This argument is not supported by Kentucky case law. As we have seen, Kentucky's highest court, in *Ashland Finance* and *Edmondson*, and its intermediate appellate court, in *Webb* and *Hale*, have given effect to limitations periods expiring one year after the insured's loss (or discovery of the loss). Neither these cases nor any other Kentucky case of which we are aware suggest that the limitations period can be tolled until the denial of the insured's claim. Absent some reason to suppose that the Kentucky courts would embrace such a rule, we must reject the Smiths' argument.

*Smith v. Allstate Ins. Co.*, 403 F.3d at 405–06.

## C.

A deviation from this line of cases involving § 304.14-370 came in the form of *Hensley v. State Farm Mutual Automobile Insurance Co.*, No. 2013-CA-006, 2014 WL 3973115 (Ky. Ct. App. Aug. 15, 2014). At issue in *Hensley* was when an uninsured-motorist (UIM) claim accrued and whether a cause of action can accrue by agreement, i.e., as part of an insurance contract, before the cause of action is ripe under the law. The *Hensley* court held that the term "accrues" in § 304.14-370, which is undefined in Kentucky's Insurance Code, had a distinct and defined meaning under the law in 1970 when the General Assembly enacted § 304.14-370, i.e., that a cause of action accrued only when each element giving rise to the cause of action had come to fruition; that is, a cause of action cannot "accrue" by agreement before it ripens under the law. 2014 WL 3973115, at *10-11, *motion for discretionary review held in abeyance pending*

*disposition of State Farm Auto. Ins. Co. v. Riggs*, No. 2013-SC-555. Thus Hensley's claim did not accrue until State Farm denied her claim for UIM benefits. *Id.* at \*12 ("[T]he insured's UIM claim does not accrue at the time of the accident or injury, but rather at the time the insured and the insurer disagree as to either the applicability or amount of UIM coverage under the policy.")

The Kentucky Supreme Court issued *State Farm Mutual Automobile Insurance Co. v. Riggs*, 484 S.W.3d 724 (Ky. 2016), on March 17, 2016. The issue in *Riggs*, which involved an underinsured-motorist-benefits claim, was whether the two-year-from-injury (or from last basic reparations benefit paid, whichever is later) limitations provision in the parties' insurance contract was reasonable. The Kentucky Court of Appeals in a 2-to-1 decision held the contractual-limitations provision unreasonable because it may require an insured to sue the UIM carrier before knowing whether the tortfeasor is underinsured; the court determined that the fifteen-year statute of limitations for general contract actions applied. *Id.* at 726.

The Supreme Court reversed and reinstated the trial court's judgment, holding that the two-year contractual limitations period was reasonable and thus enforceable:

> In the instant case, State Farm linked Riggs's UIM coverage to the tort-claim time limitation found in the [Kentucky Motor Vehicle Reparations Act] KMVRA, KRS 304.39-230(6). That statute requires a tort action to "be commenced not later than two (2) years after the injury or death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." This is the exact language used by State Farm in the UIM portion of Riggs's policy.
>
> We are unable to find this limitation unreasonable. Consistent with the principles listed above, providing the insured with the same time as a tort claim (perhaps longer depending on the duration of payments) does not require an insured to sue his own insurer before filing suit against the tortfeasor, nor does it require an insured to sue his own insurer before

discovering whether or not the tort-feasor is in fact an [underinsured] motorist.

*Riggs*, 484 S.W.3d at 726–31.

*Riggs* did not address when a cause of action accrues under § 304.14-370.

**D.**

Having decided *Riggs*, the Kentucky Supreme Court remanded *Hensley* to the Court of Appeals for further consideration in light of *Riggs*. On remand, the court held the two-year contractual-limitation period enforceable, rejected Hensley's accrual argument as impliedly rejected in *Riggs*, and affirmed the trial court's grant of summary judgment to State Farm:

> In *Riggs*, *supra*, our Supreme Court considered the same policy language at issue in this case. Noting that the insured agreed to the shorter limitations period set forth in the policy, the Court held that two years from the date of the accident was not an unreasonably short period of time for the insurer to require a claim for UIM benefits to be brought by the insured.
>
>> [W]e are not so much concerned with whether a UIM claim should be labeled a tort claim or a contract claim as whether State Farm and Riggs have contracted for a UIM claim limitation that accomplishes the policy and purpose of UIM coverage in a reasonable way. It is difficult to condemn State Farm's provision as unreasonable because, at its simplest, it encourages the prompt presentation of all the potential insurance claims relating to a single accident and forces them to progress through the court system in a more cohesive way–a way that insurance claims have proceeded through our court system for decades. This is not contrary to public policy–in fact, a strong argument could be made that it benefits the public. State Farm's provision provides an insured with "the same rights as he would have had against an insured third party"–a result that is not at all unreasonable.
>
> *Riggs*, 484 S.W.3d at 731.

> We cannot reconcile Hensley's arguments with the outcome reached by our Supreme Court in *Riggs* . . . Therefore, in light of *Riggs*, *supra*, we affirm the Jefferson Circuit Court.

*Hensley*, 2017 WL 837698, at *2. In a footnote, the Kentucky Court of Appeals stated:

> While the arguments in this case centered more directly on accrual, which we addressed at length in our original opinion, the Supreme Court's majority opinion in *Riggs* suggested by implication that the cause of action begins to accrue at the time of the accident, a different conclusion than the majority reached when we first considered this case. We believe any further consideration of that issue is best addressed by the Supreme Court, especially since the policy language at issue in this case is the same language the Supreme Court considered in *Riggs*.

*Id.* at *2 n.4.

## E.

Albeit unpublished, the Kentucky Court of Appeals' reversal in *Hensley* on remand from the Kentucky Supreme Court weighs strongly in favor of affirming the district court's dismissal of the Myerses' breach-of-contract claim. In particular, we rely on that court's determination that *Riggs*, by implication, forecloses any argument that accrual may be tolled. Thus, we affirm the district court as to the breach-of-contract claim.

## II. Claim Under Kentucky's Unfair Claims Settlement Practices Act[3]

Defendants' motion to dismiss asserted that under *Smith v. Allstate Insurance Co.*, 403 F.3d 401, 405 (6th Cir. 2005), the insurance contract's twelve-month limitations provision applied to the UCSPA claim as well, since the claim accrued on the date of loss and was not tolled. PID 28. The district court determined that it need not address this argument because the UCSPA claim "fails as a matter of law in light of the undisputed facts before the Court." PID 133-34.

We do not doubt that the district court would have been correct had discovery yielded only the facts before it when it dismissed this claim. But the district court never allowed the Myerses to develop a case. Under these circumstances, we reverse the dismissal of the UCSPA claim and remand for further proceedings.

---

[3] The UCSPA, Ky. Rev. Stat. Ann. § 304.12-230, provides in pertinent part:

> It is an unfair claims settlement practice for any person to commit or perform any of the following acts or omissions:
>
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> . . . .
> (5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
> . . . .
> (14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement . . . .