## Commonwealth v. Randolph et al.

March 21, 1939.

Eugene Hubbard, Judge.

LAWRENCE S. GRAUMAN, ROBT. L. SLOSS, HUBERT MEREDITH, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellant.

MARSHALL B. HARDY and RALPH LOGAN for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Commonwealth of Kentucky, brought this action against the appellees, William F. Randolph and William F. Randolph, trustee, to recover possession of certain real estate located in Jefferson county, under the provisions of section 4153 of the statutes. The petition set forth that (1) the 1932 state and county taxes were properly levied against the property

in question; (2) the bill for said taxes was duly and properly issued and placed in the hands of the sheriff of Jefferson county; (3) proper notice was given that the taxes were due; (4) said taxes were not paid by April 15, 1933, and thereby became delinquent on that date; (5) the sheriff having complied with all legal requirements duly advertised the property for sale, or so much thereof as would pay the taxes due plus penalties and interest; (6) notice of the sale was given the owner of the property; (7) on June 13, 1933, the sheriff offered the property for sale and purchased same on behalf of the state and county for the amounts due; (8) the sheriff then made due return to the county clerk; (9) within 50 days after said sale the county attorney duly notified the owner of the sale; (10) more than five years had elapsed since the sale was held by the sheriff; (11) a 30 day notice had been given the property owner by the county attorney; (12) the owner had failed to redeem the property; and (13) the Commonwealth was therefore entitled to possession of said property.

In the first paragraph of their answer the appellees traversed several of the allegations in the petition. In the second paragraph they alleged that (1) the 1932 taxes became delinquent on April 15, 1933; (2) the taxes had never been paid; (3) this is the only action ever brought by the Commonwealth against the appellees to enforce the lien for taxes for the year 1932; (4) the action was not commenced until the filing of the petition on September 3, 1938, which was more than five years after said taxes became delinquent; and (5) the appellees relied upon Section 4021a-1 of the Statutes as a bar to any recovery by the Commonwealth. The Commonwealth filed a general demurrer to the second paragraph of the answer. This demurrer was overruled to which the Commonwealth excepted, and declining to plead further, the court dismissed its petition. The Commonwealth is prosecuting this appeal, which was granted by the trial court, from that ruling.

Appellees state in their brief that, "the sole defense of the appellee to this action is that the action was not commenced within the time set by the Kentucky Statutes within which an action may be maintained to enforce the collection of appellant's tax lien." Section 4021a-1, Kentucky Statutes. Prior to the passage of Chapter 142 of the Acts of 1932, sections 4151-2 and 4153 of the Statutes, when considered together, provided

that it was the duty of the county attorney to notify the owner of property sold for taxes within 50 days after the sale, and in the event the owner did not redeem his land within 30 days after such notification it was the duty of the county attorney to institute a proceeding to recover possession of the property. If the taxes were not then paid, the state got possession of the property. While the owner was out of possession of the property, he still had two years from the date of the sale in which to redeem his property and get it back in his own possession.

After the 1932 amendment, the applicable part of Section 4151-2 read as follows:

"The owner of such real estate, his representatives, heirs or assigns shall have the right to redeem the same from the State, County and District or any other purchaser at any time within five years after the day of sale by paying the purchase money, with interest at the rate of [six per centum] 6% per annum, and in addition [two per centum] 2% penalty upon the total amount of the purchase price [and the] amount of all costs. The State, County and District shall have the right to possession of land purchased by them at any time after the expiration of the five [5] years allowed for redemption by giving thirty days' notice to the owner, and the purchaser other than state, county and district shall have the right to possession of land purchased by him after the expiration of five years allowed for redemption by giving six months' notice to the owner thereof."

This section was amended by the legislature in 1936, c. 105, and again in 1938 at the first special session, c. 21. We are not concerned in this action, however, with the 1936 and 1938 amendments.

It will be noted from the part of Section 4151-2 heretofore quoted that the 1932 amendment to that section extended from two to five years, the period in which the property owner could redeem his property when it had been sold for taxes. The interest rate on the delinquent taxes was reduced from 10% to 6% and the penalties were reduced from 15% to 2%. Of equal importance was the part of the amendment which provided that the state, county and district should have the right to possession of the lands purchased by them

for taxes *"at any time after the expiration of the five years allowed for redemption by giving thirty days' notice to the owner \* \* \*."* This part of the amendment had the effect of leaving the owner in possession of his property for five years after it had been sold for taxes. As noted above, prior to 1932, it was possible for the state to obtain possession of the property sold for taxes within a period of approximately three months.

The appellees are now contending that the 1932 amendment should be so construed as to bring about a situation under which a taxpayer could have avoided the payment of his taxes completely, because, as we have noted, it is insisted that the five year limitation period provided in Section 4021a-1 for the bringing of an action for the enforcement of any lien for taxes, or for the recovery of possession of any property which had been sold for taxes, ran concurrently with the five year redemption period provided by the 1932 amendment to Section 4151-2, thereby nullifying the tax lien provided in Section 4021. As we construe the 1932 amendment to Section 4151-2, the legislature expressly prohibited the state, county and taxing district from seeking to obtain the right of posssession of lands purchased by them for taxes until the expiration of the five year redemption period.

In the case of Russell, Sheriff, v. County Board of Education of Logan County, 247 Ky. 703, 57 S. W. (2d) 681, the constitutionality of Chapter 142, Acts of 1932 (the amendment to Section 4151-2 of the Statutes), was unsuccessfully challenged. In the case of Grieb, County Clerk, v. National Bank of Kentucky's Receiver, 252 Ky. 753, 68 S. W. (2d) 21, this Court discussed the conditions leading up to the passage of Chapter 142, Acts 1932, and also the effect and application thereof. In the Russell case, it was said [247 Ky. 703, 57 S. W. (2d) 682]:

"We have hereinbefore pointed out the only changes made in the old act by the new one. None of them affect in the remotest degree the lien given by Section 4021, which remains intact and the sale provided for by the new act is the procedure by which that lien is enforced. The only conflict between the new act and the remedial portions of Section 4153 concerns the time when the purchaser may obtain possession of the land he purchased at the

tax sale. Under the terms of that section he might do so (by following its provisions) *before* the period for redemption expires, which was two years instead of five years as provided in the new act. The same remedies may still be pursued under the new act when the time arrives entitling the purchaser to possession. That time was simply postponed by the new act until the lengthened time for redemption expires, but the procedure for obtaining possession when the time therefor arrives is left intact as contained in the present Section 4153.''

In discussing the contention that the 1932 amendment conflicted with Sections 4154 and 4156, it was said in the Russell case:

''To the extent that the new act conflicts with any of those sections or any of their parts, such conflicting provisions are repealed by *necessary implication*, and which is one of the methods by which statutes may be repealed, and which is as effectual for that purpose as is a repeal by direct and express language.''

We think the language last quoted from the Russell case is applicable to the contention that the limitation period provided in Section 4021a-1 ran concurrently with the redemption period provided in Section 4151-2. Furthermore, we have often said that it is not to be presumed that the legislature did a vain or foolish thing, and that the statute must be given a practical construction. Gillis v. Anderson, 256 Ky. 472, 76 S. W. (2d) 279; County Board of Education of Daviess County v. Fiscal Court of Daviess County, 221 Ky. 106, 298 S. W. 185; Kirkman v. Williams, 246 Ky. 481, 55 S. W. (2d) 365; Nichols v. Logan, 184 Ky. 711, 213 S. W. 181; Neutzel v. Ryans, 184 Ky. 292, 211 S. W. 852.

The Commonwealth took every step that it could take under the Statutes to enforce the collection of the 1932 delinquent taxes on the property in question. Actually the sale of the property by the sheriff in 1933 was an enforcement of the tax lien provided in Section 4021. It is our conclusion, therefore, that the action for the recovery of the property which was brought by the commonwealth in September, 1938, was seasonably brought. Since the right of action did not accrue until after the end of the five-year redemption period provided in Section 4151-2, as amended in 1932, the action

could have been brought at any time within five years after its accrual. Section 2515, Kentucky Statutes.

Judgment reversed for proceedings consistent with this opinion.