## Forwood v. City of Louisville.

May 24, 1940.

Churchill Humphrey, Judge.

209

Fisher & Seidman for appellant.

R. Boyd Robertson, Hal O. Williams and Lawrence S. Poston for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Jefferson circuit court by appellant against the appellee to recover from the latter the sum of $559.51, but which defendant claimed was due it for taxes on real estate in the city for the fiscal years 1932, 1933 and 1934, which became delinquent on May 2nd each year. The payment by plaintiff to the defendant of the amount sought to be recovered from it was made on July 10, 1939. He did so under protest, which is endorsed on the receipts given to him by the collecting officer of the city at the time the payment was made, and plaintiff averred in his petition that it was done to remove a cloud from the title to the assessed property for those years, which he had contracted to sell at a profitable figure, but the purchaser refused to comply with the sale until the alleged cloud on the title—because of the unpaid taxes—was removed. No one contends or questions the right of plaintiff to maintain the action, if it should be admitted that his premises were correct, i. e., that the right to an enforced collection of the taxes was barred by limitations

at the time he made payment thereof under protest. It is, therefore, conceded by both sides to the litigation that the only question involved is—whether or not at the time of the payment by plaintiff the right to enforce the lien for the total amount of the taxes claimed by defendant was then barred so as to deprive it of the right to enforce payment? The learned chancellor sustained a demurrer to the petition, followed by plaintiff declining to plead further, when the court dismissed the action, to reverse which he prosecutes this appeal.

The single question raised is one which our legislature by its various enacted statutes has very much scrambled and confused, as will be seen from this court's opinions in the cases of Commonwealth v. Randolph, 277 Ky. 724, 127 S. W. (2d) 398; City of Louisville v. Louisville Asphalt Company, 279 Ky. 318, 130 S. W. (2d) 739; and Commonwealth et al. v. Union Labor Temple, 279 Ky. 692, 131 S. W. (2d) 843. The first and third cited cases involved the collection of state and county taxes by the sheriff or some other collector for those taxing authorities; whilst the second one involved the collection of taxes assessed by and due to the city of Louisville. However, there was involved in each of them— and also in the case of Russell, Sheriff, v. County Board of Education of Logan County, 247 Ky. 703, 57 S. W. (2d) 681 (a case also involving state and county taxes) referred to in those opinions—Section 4021a-1 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes as it existed before its amendment by Chapter 21, Section 16 of the first extraordinary session acts of 1938, and which is now carried in the supplement to our Statutes, supra, appearing since its publication, as the same numbered section. The section before its amendment said: "No action or other proceeding for the enforcement of any lien for taxes or for recovery of possession of any property which has been sold for taxes shall be maintained unless such action or proceeding is commenced within five years from the date on which said taxes became *in arrears*." (Our emphasis.)

It immediately follows Section 4021 in the same Statutes, which gives a lien to all taxing authorities within the commonwealth on property assessed by them and for taxes due them thereon, and, of course, the inserted section, supra, likewise applies to all such taxing authorities. It, therefore, is and has been applicable to

the enforcement of the lien for taxes due the city of Louisville from and after the day it was first passed in 1912. It will be observed that the section (4021a-1) before the amendment not only prescribes a limitation of five years, from the time the taxes became in arrears, for the maintenance of proceedings to enforce the tax lien given by the immediately preceding section, but it also prescribed the same limitation—commencing at the same designated period—"for recovery of possession of any property which has been sold for taxes." The 1938 amendment eliminated from the section the words "or for recovery of possession of any property which has been sold for taxes." However, the rights of the parties in this case are to be determined by the condition of the law as it existed prior to the amendment, since the involved taxes were not only assessed and became in arrears (or delinquent) before it (amendment) was enacted but the period of limitation prescribed by the unamended section for the enforcement of the lien had expired before the amendment.

In this case, as is shown by the petition and admitted by defendant, the provisions of Sections 3000 to and including 3004 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, supra, were strictly complied with and followed for the enforcement of the city's lien for taxes for the fiscal year 1932, as based on the assessment made in 1931. As a part of such requirement by the collector of the taxes he offered the property here involved for sale on November 7, 1932, at which time the city became the purchaser thereof. At that time, under the sections referred to, the taxpayer had two years in which to redeem the property after it was sold by the collecting officer, and Section 3004 provides that "If the land be not redeemed within two years from the date of sale, a fee simple title shall vest absolutely in the purchaser, subject only to state taxes. Thereupon the tax receiver [the one who made the sale, or his successor] then in office shall convey the property by deed to the purchaser who shall then be entitled to possession of the property, and have the right to recover same by suit or motion," etc. Later provisions prescribe for the payment of later tax bills, accruing upon assessments made subsequent to the one for which the sale was made to the purchaser other than the city; while Section 3002 makes similar provisions with reference to later accruing taxes

during the redemption period of two years when the purchase was made by the city—it being enacted that no sale of the property shall be made for such subsequent annual taxes, when the city was the purchaser, but that the amount of its lien as enforced by the sale should be augmented by such later accruing annual taxes.

In this case the two-year period for redemption by plaintiff and appellant, as the taxpayer, expired on November 7, 1934, and at which time the right of the city as purchaser of the property to recover possession of it first accrued, since it could not, under the express law, maintain such an action until it obtained a deed to the property, which it could not do (under Section 3004, supra) until the expiration of the two-year redemption period. That section expressly provides, as we have seen, that the purchaser shall not be entitled to possession until he obtains his deed, nor shall he have the right to recover possession until one is obtained. The same section and the others last referred to are a part of the charter of cities of the first class, to which Louisville belongs, and they form no part of the remedies for the collection of taxes due other taxing authorities, notwithstanding Section 4021a-1, supra, as we have seen, is made applicable to the collection of taxes due defendant as a municipality.

In the Randolph case, supra, other applicable sections of the statute for the enforcement of liens for taxes due the state and counties, and providing for rights of redemption of the taxpayer, etc., were involved. They conflicted with Section 4021a-1, supra, whereby the period for redemption by the taxpayer when the property was sold was made to run concurrent with the right of the purchaser at the sale to recover possession of the property after he obtained his deed, and which, as we have seen, could not be done until the right of redemption expired. The Russell case, supra, was referred to in that opinion and it was construed as forbidding concurrent running of the two periods, and which that (Randolph) opinion approved by saying [277 Ky. 724, 127 S. W. (2d) 400]: "Since the right of action did not accrue until after the end of the [then] five-year redemption period provided in Section 4151-2, as amended in 1932, the action could have been brought at any time within five years after its accrual. Section 2515, Kentucky Statutes."

The Union Labor Temple case, supra, also construed the applicable statutes for the enforcement of tax liens in favor of taxing authorities, other than municipalities, as giving the purchaser of property sold by the collector five years from and after he receives his deed from the collector within which to recover possession of the property. The Louisville Asphalt Company case involved the collections, as we have said, of taxes due the city of Louisville. In that case the five-year period of limitation had run against the purchaser before he brought his action for recovery of possession after receiving his deed, and we held that his cause of action was barred regardless of the time when it accrued, for if it accrued at the time of the expiration of the redemption period when he obtained his deed then limitation had run when he sought recovery. However, the court in that (Louisville Asphalt Company) case, in referring to the Randolph case, said [279 Ky. 318, 130 S. W. (2d) 741]: ''We held (in Randolph case) that the redemption period and the limitation period provided in Section 4021a-1, in so far as the recovery of the possession of the property was concerned, did not run concurrently, and that a suit to recover possession of property in such cases could be brought at any time within five years after the end of the redemption period.''

We, therefore, hold that a proper interpretation of the cited recent domestic opinions supports the conclusions (1), that a purchaser of property at a tax sale, made to enforce a tax lien, has no cause of action to recover possession of the property purchased by him until he obtains a deed, which he can not do until the expiration of the taxpayer's right of redemption; and (2), that the limitation period within which he may recover possession after obtaining his deed is not and cannot be reduced or curtailed by deducting the time provided for redemption, resulting from concurrent running of such rights. Therefore, if the legislature in the first enactment of Section 4021a-1, supra, intended to provide otherwise, by fixing a retroactive period for the accruing of the purchaser's right of action to recover possession of the property after he obtained his deed, it violated the fundamental principles underlying statutes of limitations, and should not be enforced, and which a brief review of the settled law—independently of the foregoing domestic cases—will clearly demonstrate. In

making that review we shall confine ourselves to citations of the general law as taken from the text in 37 Corpus Juris, since it, we have found, is in complete accord with all other texts on the subject.

On page 807, Section 152, of the cited volume, the text says: "The statute of limitations begins to run from the time when a complete cause of action accrues—and such is in substance the language of the statute of limitations in most jurisdictions—that is, when a suit may be maintained, and, according to the general rule which is applicable to any and all kinds of actions in a court, not until then." On page 810, Section 153, same volume, '> is said: "The accrual of the cause of action means the right to institute and maintain a suit." On the next page, 811, Section 154, is this statement: "Where a party's right depends upon the happening of a certain event in the future, the cause of action accrues and the statute begins to run *only* from the time when the event happens." (Our italics.)

Copious citations of opinions are made in the notes to the excerpts in their substantiation. As we have seen, Section 3004, supra, of our Statutes, expressly provides that *no* deed shall be made to a purchaser at a tax sale *until* the *expiration* of the period allowed the taxpayer for redemption, and also that no action for the recovery of the possession of property shall be maintained by the taxpayer until after he obtains his deed. To approve the literal interpretation of Section 4021a-1, supra, as contended for by plaintiff, would not only run counter to such fundamentally declared and universally applied judicial declarations, but it would also open the door for the approval of the right of the legislature to make the redemption period the same as the limitation period of the purchaser, and to then exact that such period should run concurrently—which would not only be absurd, but result in a complete denial of the right of the purchaser to recover possession of the property which he purchased, and to thereby relieve the taxpayer entirely from paying his taxes at all. No such absurd interpretation should be countenanced, and when the legislature, through its enactments, produces such a scrambled condition of the law it is the duty of the courts to unscramble it and make it conform to the principles of justice and constitutional guaranties, so as to produce a workable as well as just application of the statute.

The authority of the legislature to enact such concurrent running of conflicting periods, in the administration of statutes of limitations for the enforcement of rights, would be equally as offensive to the orderly administration of justice if the concurrent periods were not the same, but where the retroactive period for the accrual of the cause of action was shorter than the prescribed period of limitation. If it should be conceded that the legislature possessed authority to enact provisions of the latter class, then the prescribed limitation period could not in any event be shortened by deducting therefrom the retroactive period so as to leave the limitation period unreasonable. The courts would, therefore, be called upon in each case where such a situation arose to determine the question of reasonability and complicated confusions would constantly arise, thereby destroying uniformity in the administration of the law and forcing the courts to declare what was or what was not a reasonable limitation in each case.

We, therefore, hold that the city in this case had five years from and after November 7, 1934—when it obtained its deed—to recover possession of the property from the taxpayer, and that as a consequence thereof the taxes paid by plaintiff on July 10, 1939, were not barred at that time, but were due to and collectable by the city, and for which reason he is not entitled to recover the amount paid by him, although made under protest.

The learned trial judge having arrived at the same conclusion, his judgment is affirmed; the whole Court sitting.