Stanley M. GREEN, Appellant,

v.

JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

June 27, 1980.

Edward A. Mayer, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellant.

Thomas W. Bullitt, Samuel G. Bridge, Jr., Tarrant, Combs & Bullitt, Louisville, for appellee.

Before WHITE, GANT and HOGGE, JJ.

WHITE, Judge.

This appeal is taken from the award of a Summary Judgment in the Jefferson Circuit Court to appellee John Hancock Mutual Life Insurance Company. The question presented is whether the court was correct in determining that the time in which to have brought a legal action under the terms of the relevant insurance policy had expired, thereby releasing Hancock from liability.

Appellant was the third party beneficiary of a policy issued between his employer, Ford Motors, and Hancock Insurance. During the course of his employment Green was injured. A subsequent claim for benefits against the carrier, Hancock, was refused for failure to have given timely notice.

On July 12, 1977, nearly six years after the injury, Green pressed his claim by filing suit for recovery in the Jefferson Circuit Court. Upon motion a summary judgment was granted Hancock based on a three-year limitation of action provision found within the policy sought to be enforced.

Section 17(e) of that policy states:

No action at law or in equity shall be brought to recover on this Policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this Policy. *No* such *action* shall be brought *after* the expiration of *three years* after the time written proof of loss is required to be furnished.

If any time limitation of this Policy with respect to bringing an action at law or in equity to recover on this Policy is less than that permitted by the law of the state in which the employe resides at the time the disability or other loss on which claim is based commences or is incurred, that limitation is hereby *extended to* agree with the *minimum* period *permitted* by that law. (Emphasis added.)

Clearly, the section of the policy on which appellant seeks to rely is activated whenever the limitation within that policy (three years) is less than that permitted by applicable state law; in that case the policy provision is extended to conform with the *minimum* provided by that law.

Appellant cites the general statute of limitations found in KRS 413.090 as the period mandated by Kentucky law to which the policy refers. Such establishes that an action upon a written contract "shall be commenced within fifteen (15) years after the cause of action first accrued." Thus, he urges that although his action was not commenced within the three years suggested by the policy, it is preserved under the terms of the Kentucky statute of limitations relating to contracts.

Appellee on the other hand refers to case law and the Kentucky Insurance Code in support of the proposition that within insurance policies there may be contractual limitations of less than fifteen years. Under this reasoning the applicable minimum to be used as a frame of reference would be not the overall general fifteen-year span but rather the briefest period which the law will uphold

With reference to limitation of action provisions, although several of our sister states have specifically addressed this issue in their legislative enactments, Kentucky has passed no statute prohibiting such. Rather through case law, arm's length bargaining on this point has been upheld. ". . . [I]t is not contrary to public policy for parties to contract for a reasonably shorter period than that fixed by the statute." *Johnson v. Calvert Fire Ins. Co.*, 298 Ky. 669, 183 S.W.2d 941, 943 (1944). Indeed under KRS 304.18–070(7) of the Commonwealth's Insurance Code, foreign insurers are given the affirmative authority to limit group or blanket health insurance policies to a *three*-year period.

Appellant concedes that Kentucky law permits the insurers within their policies to limit the time in which an action may be brought. He proposes, however, that by the terms of Section 17(e) of the policy the period which otherwise would be three years is to be extended to conform with the fifteen years of KRS 413.090(2).

The question therefore becomes "What is the minimum provided under Kentucky law?" From an examination of the case law and of the applicable portion of the Insurance Code, it becomes apparent that although there is a fifteen years general statute of limitation affecting contracts, such can, under law, be limited if such restriction is shown to have been the intention of the parties as determined by proper arm's length bargaining.

To structure an interpretation of the contract of insurance only upon reference to the fifteen years' period granted under KRS 413.090 without consideration of permissible limitations thereof would be error indeed; the full spectrum of applicable law must be involved.

The policy of insurance issued by Hancock grants a three-year period in which to initiate an action. After reviewing the sum of Kentucky's law regarding limitations of actions relating to insurance policies, clearly the three-year period becomes equal to, not less than, the *minimum* of three years which could be permitted under KRS 304.-18–070(7). The fifteen-year provision within the statutes is controlling in situations

wherein the contract is otherwise silent or invalid concerning an appropriate limitation. Such is not to be invoked under facts as presented herein whereby the contract of insurance clearly and unambiguously addresses itself to that consideration.

Based on the aforementioned reasoning, the Summary Judgment granted appellee Hancock by the Jefferson Circuit Court is affirmed.

All concur.