**James M. HALE, Appellant,**

v.

**BLUE CROSS AND BLUE SHIELD of KENTUCKY, INC., Appellee.**

No. 92–CA–1118–MR.

Court of Appeals of Kentucky.

Oct. 8, 1993.

William M. Butler, Jr., Louisville, for appellant.

---

John J. McLaughlin, III, Alagia, Day, Trautwein & Smith, Louisville, for appellee.

Before GARDNER, HOWERTON and McDONALD, JJ.

HOWERTON, Judge.

James M. Hale appeals from a summary judgment entered by the Jefferson Circuit Court in favor of Blue Cross and Blue Shield of Kentucky, Inc. (Blue Cross). Hale contends that there was a genuine issue precluding summary judgment with respect to whether he had received notice from Blue Cross of the denial of his claim. He further argues that the trial judge was bound by case law to find the limitation period of 12 months fixed by the policy provisions was impermissibly short. We find no merit in either of these arguments and affirm.

On February 22, 1990, Hale was sued by a hospital for medical services rendered. The affidavit attached to the complaint showed that the total hospital bill had been $32,-189.89; that insurance had paid $15,267.35; and that there was a balance due and owing of $16,922.54. On April 9, 1990, Hale was granted leave to file a third-party complaint against Blue Cross in which he alleged that Blue Cross was obligated to pay his debt to the hospital under the terms of his contractual health insurance agreement with them.

The hospital bill, which is the subject of this action, resulted from a 66–day hospital stay at Kosair Children's Hospital from November 2, 1987, to January 6, 1988, by Hale's minor son. Hale and his family were covered under the Blue Cross policy issued to Hale's employer, the Jack Patterson Company. Blue Cross paid the initial 31 days—the maximum permitted by the policy.

After his son was discharged from the hospital, Hale submitted the remainder of the claim to Blue Cross as a major medical claim. Upon receiving notice of this claim, Blue Cross mailed to Hale an Explanation of Benefits form showing payment for the initial 31–day stay and showing the remaining 35 days as non-covered charges. The major medical Certificate of Membership with the Jack Patterson Company provides as follows:

No lawsuit shall be brought to recover under this contract prior to the expiration of ninety (90) days after a claim has been properly filed, nor shall such action be brought at all unless brought within twelve (12) months from the time the claim was filed.

It is unclear from the record just when Hale filed his claim with Blue Cross, but it necessarily was before May 27, 1988, the day Blue Cross mailed its Explanation of Benefits form, in which it detailed what action it was going to take regarding the claim. Although the time limitation clock probably began running in mid-January 1988, the claim was necessarily filed prior to May 27, 1988. Hale did not sue the insurer for nearly two years after the latter date.

On March 25, 1992, the trial court granted Blue Cross's motion for summary judgment on the ground that Hale had not timely filed his action and that it was barred by the applicable contractual limitation period. Hale's motion for reconsideration of the summary judgment was denied on April 3, 1992. It is from that order this appeal is prosecuted.

Hale first argues that the court erred in granting summary judgment because he raised a genuine issue of material fact regarding the date of denial of his claim by Blue Cross. Hale's affidavit, however, clearly states that he received a statement from Blue Cross showing that a major part of his son's hospital bill had not been paid. He claims that he did not understand the statement to be final notice that the claim was denied, but it plainly designated certain charges as non-covered and listed the rejection codes for those charges. Even if we were to agree, *arguendo*, with his contention that he did not know the claim was denied, this fact is inconsequential in light of the policy provision, quoted above, which required suit to be brought within 12 months of the day the claim was *filed*. Although the record does not set a specific date on which Hale's claim for benefits was filed with Blue Cross, the record unequivocally shows that it was more than 12 months after the claim for benefits was asserted. Hence, if the 12–month limitation in the policy is valid, it is

clear that the action against Blue Cross was properly dismissed as untimely.

■ Hale relies on *Green v. John Hancock Mut. Life Ins. Co.*, Ky.App., 601 S.W.2d 612 (1980), to support his argument that KRS 304.18–070(7) establishes a three-year period as the minimum time limitation that may be contained in a *group or blanket* health insurance policy. This reliance is, however, misplaced. KRS 304.18–070 provides:

> Every ... *blanket policy* shall contain provisions which ... are not less favorable to the policyholder and the individual insured than the following:
>
> . . . .
>
> (7) A provision that no action at law or in equity shall be brought to recover under the policy prior to the expiration of sixty (60) days after written proof of loss has been furnished in accordance with the requirements of the policy and that no such action shall be brought after the expiration of three (3) years after the time written proof of loss is required to be furnished. (Emphasis added.)

KRS 304.18–060 defines "Blanket health insurance" as "that form of health insurance covering groups of persons as enumerated in one of the following subsections...." Only subsection "(2)" could possibly be related to the present facts. It includes a policy or contract issued to "[a]n employer, who shall be deemed the policyholder, covering any group of employes, dependents or guests, defined by reference to specified hazards incident to an activity or activities or operations of the policyholder." As so defined, blanket health insurance is clearly not the type of insurance involved in the present case. The definition specifically limits coverage to hazards incident to the activities of the employer and does not, as with respect to the policy presently under consideration, involve benefits payable for health problems which may be totally dissociated from employment.

The legislature clearly drew a distinction between "group health policies" and "blanket health policies" when it dealt with each in separate statutes and referred to them disjunctively in other statutes. It chose to dictate that certain matters should apply to both group and blanket policies. This is true in KRS 304.18–032, 304.18–033, 304.18–035, and 304.18–038. The legislature did not, however, mandate that the three-year statute of limitations apply to both blanket insurance policies and group health policies.

Hale claims the language in *Green*, 601 S.W.2d at 613, indicates that providers of group health insurance policies may not provide for a shorter limitation period than the three-year period required of blanket policies in KRS 304.18–070(7). We do not read *Green* to so hold. In using the words "group and blanket health policy," the court in *Green* was not attempting to establish a legal definition of the scope of the statute, but was instead generally describing a broad area of insurance as an example to make its point more easily understood. To put it simply, the descriptive words in the *Green* opinion had no relation to the legal point being made.

■ Hale's medical insurance was part of a group plan issued through his employer. As such, there is no applicable limitation, and the parties are free to contract for a reasonable time limitation for the filing of claims.

In *Webb v. Kentucky Farm Bureau Ins. Co.*, Ky.App., 577 S.W.2d 17 (1978), this Court upheld as reasonable a one-year limitation in a fire insurance policy. We noted that KRS 304.14–370 allowed foreign insurers to limit actions against them to one year. *Id.* at 18.

If one year from the date of a fire is not overly restrictive or unreasonable, then certainly one year from the date of filing a medical claim is not unreasonable. While there may be some difficulty in determining exact fire damages, especially when damages do not exceed coverage, there is no problem in knowing the amount of unpaid medical expenses one has claimed. Hale was not ignorant of the time limit. The limitation was clearly a part of his group policy.

Further, we find no merit in the contention that the limit was only nine months, since suit could not be filed for the first 90 days after filing a claim. The limit is simply 12 months after filing the claim. Most insurance policies bar suits during a reasonable

front end period which allows for settlement proceedings.

Likewise, we find no merit in the argument that an insurer might mislead the insured into believing that a settlement would be made and thus lulling one into passing the time limit for litigation. If this is a problem at all, it could apply to any time limit, long or short. Moreover, in light of the Unfair Claims Settlement Practices Act, KRS 304.-12–230, an insurance company would be imprudent indeed to expose itself to a claim under this Act.

We find no error by the trial court and affirm.

All concur.