RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0352p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

JAMES H. POGUE,

*Plaintiff-Appellant*,

*v.*

PRINCIPAL LIFE INSURANCE COMPANY,

*Defendant-Appellee*.

No. 20-5133

─────────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:14-cv-00599—Claria Horn Boom, District Judge.

Decided and Filed:  November 4, 2020

Before:  SUTTON, THAPAR, and READLER, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Michael D. Grabhorn, Andrew M. Grabhorn, GRABHORN LAW
| INSURED RIGHTS®, Louisville, Kentucky, for Appellant.  Edna S. Kersting, WILSON,
ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, Chicago, Illinois, for Appellee.

─────────────────

## OPINION

─────────────────

THAPAR, Circuit Judge.  James Pogue believed that he had a severe anxiety disorder
that prevented him from practicing as a family doctor.  So he submitted a disability claim to his
two long-term disability insurers:  Northwestern Mutual and Principal Life Insurance Company.

When submitting his claim, however, Pogue left out one detail—the Tennessee Board of Medical Examiners had suspended his license for mis-prescribing painkillers. His insurers found out and denied both of his claims.

After the insurers denied his claims, Pogue filed two lawsuits—one against Northwestern Mutual and one against Principal. He alleged, among other things, breach of contract and breach of the duty of good faith and fair dealing.

Pogue's lawsuit against Northwestern Mutual ("*Pogue I*") reached summary judgment first. The *Pogue I* district court granted summary judgment for Northwestern Mutual on two alternative grounds: (1) the suspension occurred before Pogue became disabled, and (2) the suspension caused stress and anxiety and thus contributed to his disability. *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-00598-CRS, 2018 WL 1189415, *5–6 (W.D. Ky. Mar. 7, 2018). On appeal, this court affirmed on the first ground and declined to consider the second ground. *Pogue v. Nw. Mut. Life Ins. Co.*, No. 18-5291, 2019 WL 1376032, *2–4 (6th Cir. Feb. 7, 2019) (order).

When Pogue's lawsuit against Principal reached summary judgment, the district court applied issue preclusion. The court relied on the *Pogue I* district court's holding that the suspension of Pogue's license contributed to his disability. The court held that this finding was fatal for Pogue's breach-of-contract claim and granted summary judgment for Principal. In view of that ruling, the court did not address whether the suspension occurred before Pogue became disabled. The court also granted summary judgment for Principal on Pogue's bad-faith claims.

On appeal, Pogue contends that the district court erred by giving preclusive effect to an alternative holding on which this court declined to opine. We agree and reverse.

*Breach of Contract.* The doctrine of issue preclusion bars parties from relitigating any issue "essential to the prior judgment" that was "actually litigated and resolved in a valid court determination." *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019) (citation omitted); *see J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("[W]e shall apply federal res judicata principles in successive federal diversity actions."); Bryan A. Garner, et al., *The Law of*

*Judicial Precedent* 373 (2016). Essentially, parties get only one chance to litigate an issue of fact or law.

But there are exceptions to this general rule. For example, issue preclusion does not apply to issues an appellate court declines to consider on appeal, even when the appellate court affirms the overall judgment. *See* Restatement (Second) of Judgments § 27, cmt. o (Am. Law Inst. 1982); 18 Federal Practice & Procedure § 4421 (3d ed. 2020 update) ("The federal decisions agree with the Restatement view that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision."). Thus, whenever an appellate court affirms on an alternative ground, "issue preclusion no longer attaches to the ground on which the trial court decided the case, and instead attaches to the alternative ground on which the appellate court affirmed the judgment." *Jennings v. Stephens*, 574 U.S. 271, 278 (2015).

That's what happened here. The *Pogue I* district court analyzed two issues; we affirmed one issue and declined to consider the other. As a result, the issue we declined to consider lost any preclusive effect. *See id.* So we reverse and remand the district court's grant of summary judgment on Pogue's breach-of-contract claim.

*Bad Faith.* Pogue also argues the district court erred by granting summary judgment on his bad-faith claims. Under Kentucky law, an insurer cannot act in bad faith if the insurer did not have to pay in the first place. *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 197–98 (6th Cir. 2015); *see Pogue I*, 2019 WL 1376032, at *5. Thus, when the district court determined that Principal wasn't obligated to pay, it held that Pogue's bad-faith claims could not succeed. Because we now hold that issue preclusion does not bar Pogue's breach-of-contract claim, his bad-faith claims no longer fail as a matter of law.

Finally, Pogue contends the district court abused its discretion by granting summary judgment without allowing any discovery on his bad-faith claims. But district courts may stay discovery on bad-faith claims when "the merits of the bad faith claim[s]" depend on the outcome of the breach-of-contract claim. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005); *see*

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). So the district court's stay was permissible.

We reverse and remand.