NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0474n.06

Case Nos. 22-5426/5501

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 23, 2022
DEBORAH S. HUNT, Clerk

CREATIVE PACKAGING COMPANY; CREATIVE PROPERTIES OF KENTUCKY, LLC, fka Creative Properties, LLC,

      Plaintiffs-Appellants,

v.

SECURA INSURANCE, a Mutual Company,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Creative Packaging Company sued Secura Insurance for breach of contract. But it brought its claim too late, so the district court granted summary judgment to Secura. We affirm.

I.

Creative Packaging owns commercial property that was insured by Secura, a foreign insurer. On April 25, 2015, a hailstorm damaged the property. The Secura policy covered hail damage. But it also contained two clauses relevant here. First was a provision requiring "prompt notice" of any damage to the insured property. Second was a suit-limitations clause prohibiting Creative Packaging from suing Secura unless (1) "there ha[d] been full compliance with all of the

[contract] terms," and (2) "the action [was] brought within 2 years after the date on which the direct physical loss or damage occurred." R. 11-1, Pg. ID 308.

Creative Packaging didn't notify Secura of the hail damage until May 11, 2020, over five years after the hailstorm. Secura denied the claim as untimely. So on February 24, 2021—nearly six years after the hailstorm—Creative Packaging sued Secura in Kentucky state court for breach of the insurance contract. Secura removed to federal court, invoking diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. The district court granted summary judgment to Secura, holding that the two-year limitations clause barred Creative Packaging's breach-of-contract claim. Creative Packaging timely appealed.

## II.

The contractual suit-limitations clause is valid and enforceable against Creative Packaging.

Under Kentucky law—which the parties agree applies—suit-limitations clauses in insurance contracts are generally valid. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 404 (6th Cir. 2005). And a Kentucky statute specifically acknowledges that foreign insurers may include such clauses in their policies, so long as they don't "limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues." Ky. Rev. Stat. § 304.14-370.

When does a cause of action accrue in this context? Our court has already answered this question. In *Smith*, we noted that under Kentucky law, a cause of action for breach of an insurance contract may accrue on the date an insured property is damaged—even if the insured cannot sue until the insurer later denies the claim. 403 F.3d at 405. And we recognized that "Kentucky courts have repeatedly enforced insurance contract provisions under which the time for suit began to run before the insured had a right to sue." *Id.* (citing *Ashland Fin. Co. v. Hartford Accident & Indem.*

*Co.*, 474 S.W.2d 364, 365–66 (Ky. 1971)). So we concluded that the suit-limitations provision in *Smith*—which required the insured to sue Allstate within one year of their loss—was "not inconsistent" with Kentucky law. *Id.* (citing Ky. Rev. Stat. § 304.14-370).

*Smith* decides this case. The policy here gave Creative Packaging two years from the date of damage to sue Secura (twice as long as the period we approved in *Smith*). Thus, the limitations clause is valid under Kentucky law.

To be sure, in *Smith*, we also recognized an exception to the general rule: A valid suit-limitations provision "may nonetheless be unenforceable if it did not allow the [insured] a reasonable time to sue." 403 F.3d at 405. But here, Creative Packaging provides no reason to conclude it qualifies for that exception.

Our reasonableness analysis focuses on the period beginning when Creative Packaging could "reasonably have been expected" to notify Secura of the damage and ending on the two-year anniversary of the hailstorm. *Id.* at 406. "The question is whether that period afforded [Creative Packaging] an adequate time for filing suit." *Id.* For example, if Creative Packaging should have learned of the damage six months after it happened, the question would be whether one-and-a-half years was a reasonable period in which Creative Packaging could have been expected to notify Secura.

Here, all agree that Creative Packaging didn't notify Secura of the damage until five years after the hailstorm—despite the contract requirement of "prompt notice." But the relevant question is when Creative Packaging *should have learned* of the damage, not when Creative Packaging *actually learned* of the damage. *See id.* at 406. And here, Creative Packaging does not explain its delay in discovering and reporting the hail damage, nor does it offer any reason why it wouldn't "reasonably have been expected" to discover the damage within the two-year period. In sum,

following *Smith*, we conclude that the suit-limitations clause in Creative Packaging's insurance policy bars its suit, and we do not find the two-year period unreasonable in the circumstances presented here.

Creative Packaging invites us to distinguish *Smith* because that case involved fire damage, and this case involves hail damage. But nothing in *Smith* limits the rule to cases involving fire damage.

\* \* \*

We affirm.